## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Gregory McLemore, ) | CASE NO. 1:24 CV 213 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| Jeffrey Saffold, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**INTRODUCTION**

*Pro se* Plaintiff Gregory McLemore filed this action under 42 U.S.C. § 1983 against Attorneys Jeffrey Saffold and Joseph Pagano, and Doctor John Fabian. Plaintiff's Complaint is very brief, and contains few allegations. In its entirety, it states, "a state of constant criminal defendants with serious mental health issues crisis endangering Plaintiff's serious mental health issues incarceration, civil commitment placement and safety while releasing Plaintiff to an arrest warrant incident in the year 2018 and thereforth." (Doc. No. 1 at PageID #: 5). Plaintiff lists the First, Sixth, Eighth, Ninth, and Fourteenth Amendments as his legal claims and seeks monetary damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon

which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, this Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Federal Civil Procedure Rule 8 requires a plaintiff to submit a short, plain and concise statement of his claims and relief. To meet the minimum notice pleading requirements of Rule 8, the complaint must give the defendants fair notice of what the plaintiff's legal claims are and the

factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

This Complaint does not contain intelligible factual allegations to support any of the legal claims listed in the pleading. Plaintiff's causes of action are stated solely as legal conclusions. Legal conclusions alone are not sufficient to state a claim and do not meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/2/24